## SLOVER v. BATES et al.
### No. 11926.

Circuit Court of Appeals, Fifth Circuit.

May 23, 1947.

James A. Dixon, of Miami, Fla., for appellant.

Albert B. Bernstein, of Miami, Fla., for appellees.

Before HUTCHESON, McCORD, and WALLER, Circuit Judges.

**McCORD, Circuit Judge.**

The appeal is from a judgment dismissing an action by Phillips B. Slover for a declaratory judgment to the effect that two certain leases were in full force and effect and that he was entitled to possession of the real estate described therein.

The facts are not in dispute, and decision turns on the construction of provisions in the two leases, which are identical except for descriptions of the property and the amounts of rent. Each lease contract between Mary Sinnamon Bates, joined by her husband, and Phillips B. Slover, was for the "period beginning January 1, 1945, and expiring on December 31, 1954, except as hereinafter provided * * *." Monthly rental was specified and it was further provided: *"Lessee further agrees to pay Lessor three months rent in advance on the commencement date which will be determined as herein provided."* [1] The contract provided that the lessee could use the premises for all "lawful purposes", but recited that the immediate intention of the lessee was to use them for service and distributing stations "for the sale and distribution of gasoline, oil, other petroleum products, automobile accessories, and related lines * * *."

The real estate described in the contracts is located in the City of Miami, Florida. An ordinance of the City of Miami prohibited the use of the property as a gasoline filling station. The lease, in Paragraph 6, provides: "It is Lessee's purpose to use said property as a service or distributing station, to fill its tanks directly from gasoline trucks * * *. *This lease is made contingent upon Lessee's obtaining and retaining the necessary legal permission to so conduct and operate said business upon the premises.* If said permission can not be secured, or, if obtained, is subsequently revoked, then Lessee, at its option, may terminated this lease. *Rents provided for shall automatically cease during any period of time that Lessee is deprived of or denied the right to conduct its business upon said premises by any proper or legal authority.* * * * *In no event shall the date for the commencement of this lease be beyond June 1, 1945."*

The restrictive city ordinance applied at all times, and lawful permission to use the premises for gasoline filling stations could not be secured. The critical date, June 1, 1945, was approaching, and on May 15, 1945, Slover wrote a letter to Mrs. Bates asking for an adjustment on rents until such time as permission could be secured to use the property for the announced purposes. Adjustment of rent was not secured, and when Slover did not, on or before June 1, 1945, commence the lease and tender three months rent in advance, Mrs. Bates treated the contract as being at an end and leased the property to other persons. Nearly three months later and on August 28, 1945, Slover tendered three months rental, but Mrs. Bates refused to accept it and has at all times refused the tender.

Slover contends that he is entitled to possession of the property under the contract. The basis of his contention is that, in absence of a withdrawal by him, the lease commenced on June 1, 1945, and that the only remedy Mrs. Bates had was to give notice of default and take action as provided in Paragraph 15 of the contract, which provides:

"15. If Lessee should fail to pay any installment of rent when same becomes due and payable, or should breach or fail to comply with and perform any of the other terms and provisions of this agreement, and if such default should continue for sixty days after written notice to Lessee of such default, Lessor shall have the right to continue the lease in force and bring suit for the rent or other default, or, at his election, to terminate the lease * * *."

We think it clear that Paragraph 15 applies only after the lease has actually commenced. The installments of rent referred to in that paragraph are those installments falling due after the lease had commenced as provided; that is, upon payment of "three months rent in advance". Because legal permission to use the premises for the stated purposes was doubtful, the commencement date was made contingent upon the securing of such permission, or the election of the lessee to accept the property with that burden on or before

---

[1] All italics in the opinion are supplied.

June 1, 1945. The lease gave Slover the right to cause the lease to commence at any time between January 1st and June 1st, 1945, but after June 1st Mrs. Bates was not obligated to hold the property for him, rent free, for the full term or until such time as he could secure permission to use it for service stations. As long as the legal restrictions applied, Paragraph 6 of the contract relieved Slover from paying rent. That is why a final date for commencement was fixed and the provision made that three months rent would be paid on the commencement date. Payment of three months rent in advance was a condition precedent to commencement of the lease, and June 1, 1945, was the final date for such commencement to be effected. Having failed to tender three months rent in advance on or before June 1, 1945, Slover failed to cause commencement of the lease, and Mrs. Bates was free to deal with her property as she saw fit.

Under the plain terms of the contracts and the undisputed facts, Slover was not entitled to the judgment he sought. The action was properly dismissed.

The judgment is affirmed.